

**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS**
Department of Business Regulation
INSURANCE DIVISION
1511 Pontiac Avenue, Bldg. 69-2
Cranston RI 02920
Telephone No. (401) 462-9520
www.dbr.state.ri.us

FAX No. (401) 462 9602
TDD No.

July 1, 2010

Provident Life and Accident Insurance Company
CT Corporation System
155 South Main Street, Ste 301
Providence RI 02903

Dear Sir or Madam:

    Enclosed is a copy of a summons served upon me in the case of:

        **Anthony G. Farina, MD**

        vs

        **Provident Life and Accident Insurance Company et al**

    Kindly acknowledge receipt of the above at your earliest convenience.

RETURN DATE (WITHIN 20 DAYS)

Very truly yours,

*[signature]*

Associate Director/Superintendent of Insurance

DMA
Enclosures

CERTIFIED MAIL

STATE OF RHODE ISLAND  AND PROVIDENCE PLANTATIONS

# SUPERIOR COURT

✓ **Providence County**
Licht Judicial Complex
250 Benefit Street
Providence, Rhode Island 02903

___ **Kent County**
Kent County Judicial Complex
222 Quaker Lane
Warwick, Rhode Island 02886

___ **Newport County**
Murray Judicial Complex
45 Washington Square
Newport, Rhode Island 02840

___ **Washington County**
McGrath Judicial Complex
4800 Tower Hill Road
Wakefield, Rhode Island 02879

CIVIL ACTION, FILE No. PC10-3687

ANTHONY G. FARINA MD
Plaintiff

PROVIDENT LIFE AND
ACCIDENT INSURANCE
COMPANY et al.
Defendant

## *Summons*

To the above-named Defendant: CT Corp. System, 155 South Main Street, #301, Providence, RI

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Charles M. Vacca Jr., ESQ, Plaintiff's attorney, whose address is 1830 Mineral Spring Ave., North Providence, RI 02904 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damages arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

A TRUE COPY ATTEST
Constable # 6136
Michael Padula

......................................., CLERK

Dated: 6-24-10

(Seal of the Superior Court)

S-135 (REV 02/07)

# State of Rhode Island and Providence Plantations

..............................................,SC

## PROOF OF SERVICE

I hereby certify that on the ................................................ day of ........................................... I served a copy of this summons and a copy of the complaint received therewith upon ................................................................................................

................................................................................................................................................................

in the following manner:

      By delivering a copy of the summons and complaint to him/her personally.

      By leaving a copy of the summons and complaint at his/her dwelling house,................................................

.............................................................................., with a person of suitable age and discretion then residing therein. *(Address)*

      By leaving a copy of the summons and complaint at his/her usual place of abode, ................................

.............................................................................., with a person of suitable age and discretion then residing therein.

      By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely ................................................................................................................

such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:

................................................................................................................................................................
................................................................................................................................................................
................................................................................................................................................................

Sheriff's Fees

    Travel ........................... $..............................

    Service ........................ $..............................

                        $..............................

................................................
Deputy Sheriff

NOTE: Returnable to Plaintiff's Attorney forthwith after service. Proof of service to be filed within time during which the person served must respond.

ATTORNEY FOR PLAINTIFF

VS

SUPERIOR COURT

SUMMONS

FILE NO. ................

CIVIL ACTION

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
## OMNIBUS CALENDAR ASSIGNMENT FORM
SUPERIOR COURT

| (X) PROVIDENCE/BRISTOL | ( ) KENT | ( ) WASHINGTON | ( ) NEWPORT |
|---|---|---|---|

ANTHONY G. FARINA, MD

CASE NO. 10-3607

vs

PROVIDENT LIFE AND ACCIDENT
INSURANCE Co., et al.

### REQUESTED CALENDAR ASSIGNMENT
( ) J  JURY TRIAL        TRIAL CALENDAR        ( ) N  NON-JURY TRIAL

### FORMAL SPECIAL CAUSE CALENDAR
( ) AGA AGENCY APPEAL
( ) AOD ASSESSMENT OF DAMAGES
( ) CNA CONFIRM ARBITRATION
( ) DEJ DECLARATORY JUDGMENT
( ) EOJ ENTRY of JUDGMENT
( ) FFR FIRST & FINAL REPORT
( ) FRR FORCLOSURE of RIGHT of REDEMPTION
( ) FRS FRIENDLY SUIT
( ) OPC ORAL PROOF OF CLAIM
( ) MMN MANDATORY INJUNCTION
( ) MEL MECHANIC'S LIEN
( ) MAT MOTION TO ATTACH
( ) PRT PARTITION PROCEEDINGS
( ) PAT PETITION TO APPOINT TEMPORARY RECIEVER
( ) OTH OTHER FSC MATTER :

( ) PEN PETITION TO ENFORCE
( ) PIN PETITION FOR INSTRUCTIONS
( ) PRC PETITION TO RECLAIM
( ) PES PETITION TO SELL
(X) PPI PRELIMINARY INJUCTION
( ) PCL PROOF OF CLAIM
( ) RCP RECEIVERSHIP PROCEEDINGS
( ) SPP SUPPLEMENTARY PROCEEDINGS
( ) TPR TEMPORARY RESTRAINING ORDER
( ) TIP TITLE PROCEEDINGS
( ) TSP TRUSTEE PROCEEDINGS
( ) VAR VACATE ARBITRATION
( ) WOM WRIT OF MANDAMUS
( ) WOR WRIT OF REPLEVIN

### DISPOSITIVE MOTION CALENDAR
( ) MTD MOTION TO DISMISS, UNDER RULE 12
( ) MJP MOTION FOR ENTRY OF JUDGMENT ON PLEADINGS
( ) MPS MOTION FOR PARTIAL SUMMARY JUDGMENT
( ) MSG MOTION FOR SUMMARY JUDGMENT
( ) MOT OTHER DISPOSITIVE MOTION :

HEARING DATE: 7/30/10   FSC/MOTION CLERK: _____   DATE: _____

### SPECIAL MASTER CALENDAR
( ) OTH OTHER MATTER:

HEARING DATE:                    CLERK:

### METHOD OF ASSIGNMENT
( ) MOTION TO ASSIGN
( ) STIPULATION TO ASSIGN
( ) COURT ORDER PURSUANT TO TEMPORARY EX PARTE ORDER
BASED ON METHOD OF ASSIGNMENT STATE ANY RELEVANT INFORMATION BELOW

ATTORNEYS SIGNATURES: Charles M. Vacca Jr., Esq.   DATE 6-24-10

DATE/TIME STAMP

PLAINTIFFS      DEFENDANTS

PRINT NAME

SR-11 (REV. 5/05)
WHITE/COURT    YELLOW/PLAINTIFFS ATTORNEY    PINK/DEFENDANTS ATTORNEY    GOLD/CALENDAR CLERK



STATE OF RHODE ISLAND                          SUPERIOR COURT
PROVIDENCE, SC.

ANTHONY G. FARINA, MD                )
                                     )
                                     )
v.                                   ) C.A. NO. PC10-3687
                                     )
                                     )
PROVIDENT LIFE AND ACCIDENT INSURANCE )
COMPNAY AKA UNUMPROVIDENT CORPORATION )

## MOTION FOR INJUNCTIVE RELIEF

NOW COMES Plaintiff Anthony G. Farina, MD, in the above-named matter, by and through his attorney and the Superior Court Rules of Civil Procedure, and for those reasons in attached affidavit, hereby requests that this Court do the following:

1) That this matter shall be heard during a separate procedure and/or consolidated with a trial of this action on the merits to be advanced and consolidated with the hearing of the application;
2) That said hearing for injunctive relief be closed and sequestered from any disinterested parties and/or public;
3) That this Court grant any and all other relief that it deems fit and just.

That such injunctive relief should be granted as Plaintiff states:

1) That said Plaintiff will probably succeed on the merits of his Complaint;
2) Without any such injunctive relief, Plaintiff will suffer irreparable harm;
3) There is no adequate remedy at law; and
4) Plaintiff stands to suffer more damages and harm should such relief not be granted, as opposed to Defendant.

WHEREFORE, Plaintiff hereby requests that this Court grant him injunctive relief from Defendant in order that he may receive proper and adequate compensation under the terms and conditions of his disability insurance policies, including but not limited to that of business and individual revenue/income loss, statutory interest, attorney fees, costs and any and all other damages that this Court deems fit and just.

Plaintiff
By His Attorney

_Charles M. [signature]_

Charles M. Vacca Jr., Esq.
1830 Mineral Spring Avenue
North Providence, RI 02911
(401) 351-1900
Bar #4262

Dated: June 23, 2010

HEARING: 7-20-10

CERTIFICATION

I hereby certify that the above was mailed on the 24 day of June 2010 (as well as served by constable), prepaid, first class to: CT Corp. System, 155 South Main Street, #301, Providence, RI.



STATE OF RHODE ISLAND       SUPERIOR COURT
PROVIDENCE, SC.

ANTHONY G. FARINA, MD

V.       C.A. NO. PC10- 3687

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY AKA
UNUMPROVIDENT CORPORATION

## AFFIDAVIT

1. That I am the Plaintiff in this matter;
2. That I am a duly licensed medical doctor in good standing in the State of Rhode Island;
3. That at the time of the incident(s) of which is the subject matter of this suit, I owned and operated a primary care facility;
4. That on/about June 1, 2004, I was issued two (2) Life and Accident (disability) Insurance policies from Defendant insurance company, including Nos. 06-1737-3669980 and 06-600-3669979;
5. That said policies were issued as coverage to compensate me for any business revenue and/or individual income losses, in the case of a disability;
6. That during 2008, I incurred a disability, of which resulted in significant loss of business revenues and individual income, which has continued as of this date;
7. That at all times, I have kept said Defendant insurance company fully notified and aware of my business and individual damages and losses due to my disability;
8. That at all times, I have fully complied with any and all terms and conditions of my life and accident insurance policies, including but not limited to full and timely premium payments to said Defendant insurance company;
9. That there came a time, following my disability during 2008, that I duly and timely filed a claim for loss of business revenues and individual income;
10. That said Defendant insurance company initially—but not fully in accordance with the terms and conditions of the policy(s)—compensated me for lost business revenues and individual income;
11. That during 2009, said compensation was stopped by said Defendant insurance company;
12. That despite the ceasing of monthly payments for my disability by said Defendant insurance company, my disability continued resulting in further loss of business revenues and individual income;
13. That because of the stoppage in said insurance payments each month, I have been forced to personally finance said business revenues and individual income damages and losses, incurring significant economic hardship;
14. That more recently, I have further submitted significant documentation and information regarding my business revenue and individual income losses, in accordance with the terms and conditions of said policies;
15. That in discussions with said Defendant insurance company, by and through my attorney, said Defendant has refused and failed to make any further compensation payments for lost business revenues and individual income—

16. That I hereby seek injunctive relief from this court as:
    A. That I stand to probably succeed on the merits of this suit, as I have been duly diagnosed with a disability by qualified expert(s); and said policies are for the compensation of such disability based on such diagnosis and show of resultant business revenue and individual income loss damages;
    B. That without any injunctive relief, I will be forced to continue to wait for proper compensation and suffer further irreparable harm in lost business revenues and individual income, including but not limited to personally financing such damages;
    C. That there is no adequate remedy at law, regarding the payment for my damages by said Defendant insurance company, without such injunctive relief;
    D. That I stand to suffer more damages and harm regarding my business and individual finances, as opposed to said Defendant, which would suffer no economic hardship from making any compensation payments in accordance with the terms and conditions of said policies.

WHEREFORE: I respectfully request that this Court grant me the following:

A) This this matter shall be heard during a separate procedure and/or consolidated with a trial action on the merits to be advanced and consolidated with the hearing of this application;
B) That any hearing be closed and/or sequestered from any disinterested party(s) and/or public;
C) That this Court grant any and all other relief that it deems fit and just.

_____
Affiant

SWORN TO and attested to before me this 22 day of June 2010.

_____
NOTARY PUBLIC Charles M. Vacca



STATE OF RHODE ISLAND                          SUPERIOR   COURT
PROVIDENCE, SC.

ANTHONY G. FARINA, MD                  )
                                       )
v.                                     )   C.A. NO. PC10-3687
                                       )
PROVIDENT LIFE AND ACCIDENT INSURANCE  )
COMPANY AKA UNUMPROVIDENT CORPORATION  )

COMPLAINT
COUNT I
BREACH OF CONTRACT

1.) Plaintiff Anthony G. Farina, MD is resident of Johnston, Rhode Island, and legal holder of two (2) disability insurance policies (i.e., Policy Nos. 06-1737-3669980 and 06-600-3669979) issued by Defendant insurance company.* 

2.) Defendant Provident Life and Accident Insurance Company aka UnumProvident Corporation is a life and accident insurance company with offices located at 1 Fountain Square, Chattanooga, Tennessee, with all necessary documents having been filed with the State of Rhode Island Secretary of State-Corporations Division and Department of Business Regulation-Insurance Division and their particular jurisdictional state offices; and does business throughout the State of Rhode Island. In addition under the long-arm statute of both the general laws and statutes, as well as case law, of the State of Rhode Island, said Defendant is hereby being held responsible and answerable to this jurisdiction.

3.) On or about the 1st day of June 2004, Plaintiff Anthony G. Farina MD purchased and entered into a Life and Accident Insurance Policy with said Defendant insurance company relating to disability benefits regarding coverage for both his business and as an individual.

4.) Said insurance policy has been in full force and effect since that date; and coverage encompasses any damage(s) incurred pertaining to a disability for lost business revenues and individual income.

5.) On or about the   day of         2008, said Plaintiff incurred significant business losses and individual income, resulting from a disability.

6.) At all times, said Defendant insurance company was made aware of Plaintiff's damages and claims; and said Plaintiff has been in full compliance with the terms and conditions of said Insurance Policy, including but not limited to that of timely

* with a medical practice located in North Providence, RI, Providence County.

payments of premiums.

7.) Although said Defendant insurance company initially compensated the Plaintiff for both business and individual losses, said Defendant has failed and/or refused to compensate said Plaintiff for further and continued damages and losses due to the continuance of his disability as of June 2010, resulting in said Plaintiff's continued premium payments (which should have been waived) and the forced financing to supplement his business damages and loss of income---in violation of said insurance policy's terms and conditions, resulting in a breach of contract.

8.) Plaintiff seeks monetary relief against said Defendant insurance company for said resultant breach of contract.

## COUNT II
## NEGLIGENCE

9.) Plaintiff incorporates by reference Paragraphs 1 through 8 of Plaintiff's Complaint.

10.) Said Defendant had a duty to care for the best interests relating to the insurance coverage needs of said Plaintiff, including but not limited to that of assuring adequate and proper services from its agents in resolving Plaintiff's business and individual income loss claims.

11.) When said Defendant insurance company breached its duty to care for the insurance coverage needs of said Plaintiff, said breach resulted in foreseeability by said Defendant that said Plaintiff's insurance coverage needs and related matters would be at risk, including but not limited to proper and adequate compensation of Plaintiff's business and individual income losses.

12.) This breach of said Defendant insurance company's duty to care was the proximate cause of certain risks and undue hardship on Plaintiff's business and himself, resulting in monetary hardship and costs.

13.) Plaintiff seeks monetary relief against said Defendant insurance company for said breach of duty to care and negligence.

## COUNT III
## BREACH OF FIDUCIARY RESPONSIBILITY

14.) Plaintiff incorporates by reference Paragraphs 1 through 13 of Plaintiff's Complaint.

15.) The relationship between said Plaintiff and said

Defendant insurance company resulted in a fiduciary relationship, because of the amount of trust and confidence held by said Plaintiff in the abilities and assurances of said Defendant insurance company.

16.) When said breach and failure to resolve said Plaintiff's business and individual damage(s) and losses occurred by the Defendant insurance company and its agents, that fiduciary trust and responsibility was broken, breaching the relationship between the parties.

17.) Plaintiff seeks monetary relief against said Defendant insurance company for said breach of fiduciary trust and responsibility.

## COUNT IV
## MISREPRESENTATION

18.) Plaintiff incorporates by reference Paragraphs 1 through 17 of Plaintiff's Complaint.

19.) When said Plaintiff and said Defendant insurance company entered into their agreement regarding life and accident insurance coverage, said Plaintiff relied on said Defendant Insurance Company's assurances and support---as stated and represented by the Defendant's policy for insurance coverage and other related matters.

20.) When said Defendant insurance company failed and/or refused to meet its assurances and obligations in its policies, it constituted a willful intent by said Defendant insurance company to defraud and deny Plaintiff proper and adequate insurance coverage.

21.) This resulted in said Plaintiff detrimentally relying on the misrepresentations and false assurances given him by said Defendant insurance company, resulting in undue hardship and further damages.

22.) Plaintiff seeks monetary relief against said Defendant insurance company for said misrepresentation.

## COUNT V
## INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS

23.) Plaintiff incorporates by reference Paragraphs 1 through 22 of Plaintiff's Complaint.

24.) During said Defendant insurance company's failure and refusal of attempts to resolve Plaintiff's business and individual damages, there existed several business relationships, or

expectancy thereof, regarding Plaintiff's business prospects.

25.) Said Defendant insurance company had full knowledge during this period of time of said existing business relationships/opportunities, or expectancy thereof, regarding Plaintiff's prospects.

26.) When said Defendant insurance company failed and refused to resolve Plaintiff's damages and losses, it constituted an intentional act of said existing and prospective contractual relations.

27.) Said Defendant insurance company's intentional actions and conduct caused numerous undue hardships and interference with prospective contractual relations.

28.) Plaintiff seeks monetary relief against said Defendant insurance company for interference with prospective contractual relations.

WHEREFORE, Plaintiff requests that this Honorable Court grant judgment in his favor and against the Defendant Insurance Company, namely Provident Life and Accident Insurance Company aka UnumProvident Corporation, in an amount within the jurisdiction of this Court, plus statutory interest dating from                    , reasonable attorney's fees, and costs, punitive damages, and any other remedy(s) that this Court deems fit and just. Plaintiff hereby requests that this matter be heard by jury trial.

Plaintiff
By His Attorney

Charles M. Vacca Jr., Esq.
1830 Mineral Spring Avenue
North Providence, RI 02911
(401) 351-1900 X216
Bar #4262

Dated: June *13*, 2010

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
Department of Business Regulation
INSURANCE DIVISION
1511 Pontiac Avenue, Bldg. 69-2
Cranston, RI 02920

# 015



CERTIFIED MAIL

91 7108 2133 3934

$ 04.02
JUL 02 2010
MAILED FROM ZIP CODE 02903

Provident Life and Accident Insurance Company
CT Corporation System
155 South Main Street, Ste 301
Providence RI 02903